PER CURIAM:
Claimant, currently an inmate at the Huttonsville Correctional Center, brought this action for reimbursement for a computer correspondence course that he was not allowed to complete while in the custody of respondent at the Mount Olive *240 Correctional Complex. Mount Olive Correctional Complex is a facility operated by respondent in Fayette County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
On January 2, 1997, Mr. Welch enrolled in a computer correspondence course taught by NRI Schools. Clearance for Mr. Welch’s participation in the correspondence course was given by Director of Education at the Complex, Frances F. Warsing, on January 8, 1997. The cost of the correspondence course was $3,446.00. All of the course materials were to be received through Ms. Warning. The course materials were stored in the Industries Building and Mr. Welch was required to complete his course work at that location. In order to further his studies, Mr. Welch enrolled in a computer book club, but respondent denied him access to the ordered books as they were not necessary for his course work. Mr. Welch filed a grievance for the value of the ordered books. Respondent denied the grievance pursuant to policy directive 670.00, by which Mr. Welch did not have authorization to enter into a contract with the computer book club. Ms. Warsing had determined that the computer correspondence course would meet Mr. Welch’s educational needs. An employee of respondent, Dale Howe, testified that he informed claimant of the policy that the computer was to be used for educational purposes only.
On June 4, 1999, Mr. Welch’s computer and course related material were seized in the automotive classroom by Correctional Officer II, Kenny Bowles. The computer and materials were placed in the communications office storage area. On August 2, 1999, Mr. Welch was required to mail the computer and materials to his mother’s residence. I n a memorandum dated August 17, 1999, WardenHoward Painter informed Mr. Welch that by Order of the Commissioner no computers were allowed in inmate cells, which included his computer. Policy Directive 639.01, effective August 18, 1997, established the policy for dealing with inmate ownership of personal computers. This directive superceded all other directives. Subsequently, Warden George Trent informed the Mount Olive Correctional Complex inmate population by memorandum that each inmate had until November 30, 1997, to remove their personal computers from the facility. Warden Trent’s memorandum further stated that any information on the computer which involved an active legal case in which an inmate is a named party, that information would be printed out for that inmate. Mr. Welch filed a grievance on August 20, 1999, requesting that the policy be waived for his computer since it was located in the education department, but the grievance was denied.
On August 23, 1999, Mr. Welch was charged with violating Disciplinary Rule Number 2.11 regarding contraband. Officer Bowles found one roll of solder, six sheets of sticker paper, and eight sheets of laminating paper while inspecting claimant’s seized property. Mr. Welch was able to produce a receipt from his inmate trustee account that established an inmate order for solder from Radio Shack. In a memorandum dated August 24, 1999, Warden Howard Painter informed Mr. Welch *241 that he had been informed by Magistrate Joseph B. Coy that Mr. Welch had been using the computer for personal matters and that the aforementioned Order prohibited use of the computer for personal matters. A written statement by Mr. Welch acknowledges that he used his computer for such matters. Mr. Welch was found guilty on August 25, 1999, and received a forty-five day loss of contact visitation privilege effective August 25, 1999, to October 9, 1999. Mr. Welch appealed this decision, but the decision was affirmed by Warden Painter.
Officer Bowles, in a memorandum dated October 11, 1999, informed Mr. Welch that he had until October 31, 1999, to submit to him an address and mail voucher for the items stored in the industrial tool room. Mr. Welch complied on October 15, 1999. In a letter dated October 18, 1999, Warden Painter informed NRI Schools that Mr. Welch was no longer allowed to participate in the correspondence course because of the establishment of new policies and Mr. Welch’s failure to comply with those policies. Warden Painter also requested that Mr. Welch be released from his contractual obligation to continue to pay for the course. Mr. Welch appealed the ultimatum to mail out the seized contraband property, but it was denied by Commissioner Paul Kirby on October 22, 1999. Currently, Mr. Welch’s mother is in possession of all of the seized property
The cost of the computer correspondence course was $3,446.00, but there was a balance of $980.00 after the computer and course materials were confiscated. The P233MMX computer, which was purchased through the course, had a value of $1,100.00. After the confiscation of the computer and course materials, three of the course lessons did not require the use of the computer. Mr. Welch also asserts damages in the amount of $1,108.39 for course related items that were used as part of the course. Thereafter, Mr. Welch’s mother paid the contract balance of $980.00.
The Court, having reviewed all of the facts and circumstances in this claim, has determined that the respondent has established that the claimant used his computer for personal letters which was a violation of respondent’s regulations. Therefore, respondent was within its rights to require that the claimant dispose of the computer as he desired. He, in fact, had the computer mailed to his mother who still has t he c omputer in s afe k eeping for him w hen h e is r eleased from H uttonsville Correctional Center. Further, the Court is of the opinion that claimant is not entitled to recover any or all of the tuition which he paid for his computer course. This loss should have been anticipated when he used the computer in violation of respondent’s regulations.
Accordingly, the Court is of the opinion to and does deny this claim.
Claim disallowed.